IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08-CV-0026-WKW |
| | ) | |
| SIX THOUSAND SIX HUNDRED SEVENTY SIX ($6,676) DOLLARS IN UNITED STATES CURRENCY; | ) ) ) | |
| | ) | |
| THIRTY NINE THOUSAND EIGHT HUNDRED NINETY ($39,890) DOLLARS IN UNITED STATES CURRENCY; | ) ) ) ) | |
| | ) | |
| TWO THOUSAND SIX HUNDRED NINETY SIX ($2,696) DOLLARS IN UNITED STATES CURRENCY; | ) ) ) | |
| | ) | |
| and, | ) | |
| | ) | |
| FORTY THOUSAND FIFTY ($40,050) DOLLARS IN UNITED STATES CURRENCY, | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America (hereinafter, "United States"), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States the following property:

    Six Thousand Six Hundred Seventy Six ($6,676) Dollars in United States currency seized on or about April 20, 2007;

    Thirty Nine Thousand Eight Hundred Ninety ($39,890) Dollars in United States currency seized on or about April 20, 2007;

    Two Thousand Six Hundred Ninety Six ($2,696) Dollars in United States currency seized on or about July 29, 2007; and,

    Forty Thousand Fifty ($40,050) Dollars in United States currency seized on or about July 30, 2007.

The Defendant property was seized for violations of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

## JURISDICTION AND VENUE

2. The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355(a). This Court has *in rem* jurisdiction over this action under 28 U.S.C. § 1355(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANTS IN REM

4. The Defendants consist of:

    Six Thousand Six Hundred Seventy Six ($6,676) Dollars in United States currency seized on or about April 20, 2007;

   Thirty Nine Thousand Eight Hundred Ninety ($39,890) Dollars in United States currency seized on or about April 20, 2007;

   Two Thousand Six Hundred Ninety Six ($2,696) Dollars in United States currency seized on or about July 29, 2007; and,

   Forty Thousand Fifty ($40,050) Dollars in United States currency seized on or about July 30, 2007.

### FACTS

5. The facts and circumstances supporting the seizure of the Defendant currency are as follows:

  a) On April 20, 2007, a confidential informant told law enforcement officers about a strong odor of marijuana coming from storage unit L-15 (storage unit) located at 1908 Brannon Stand Road in Dothan, Alabama. Upon arrival at the storage unit, officers smelled the odor of marijuana.

  b) Surveillance was initiated on the storage unit and officers observed Richard Lavon Durr (Durr) go in and out of the storage unit several times. Officers approached Durr after observing him wrap something and place it into a cardboard box inside the storage unit. Six Thousand Six Hundred Seventy Six ($6,676) Dollars in United States currency was seized directly from Durr. Durr also had a key to the storage unit in his possession. Officers then walked over to Durr's vehicle and saw a handgun laying on the seat in plain view. A bag of marijuana was found inside the vehicle.

c) Officers applied for and were granted a search warrant for storage unit L-15. Thirty Nine Thousand Eight Hundred Ninety ($39,890) Dollars in United States currency was seized during the search. The currency was wrapped in duct tape and inside a cardboard box. An amount of loose marijuana was found at the bottom of the same cardboard box.

d) Officers discovered that Durr paid the rental fee on the storage unit. The unit is rented in the name of Virginia Ann Ross.

e) During questioning, Durr denied that he had any items in the storage unit and knew nothing about the money found. Durr admitted to officers that he has sold marijuana in the past, that he has a marijuana problem and needs help for it.

f) On July 29, 2007, a confidential informant told law enforcement officers that Durr was storing marijuana at 1314 Cambridge Drive in Dothan, Alabama. Officers went to the residence and knocked on the door. Officers smelled the odor of marijuana coming from inside the residence and observed someone looking out of a window in the front of the residence; however, no one answered the front door.

g) Officers applied for and were granted a search warrant for 1314 Cambridge Drive, Dothan, Alabama. Marion Durr, Breakala Felder and Durr were present during the search.

h) Officers seized Two Thousand One Hundred Seventy Seven ($2,177) in United States currency directly from Durr. Approximately 25 pounds of marijuana and Five Hundred Nineteen ($519) in United States currency were seized during the search, along with a safe deposit key stamped with the numbers 1299 inside a Wachovia Bank bag.

i) After contact with Wachovia Bank to determine that the key was issued for a Wachovia box, officers applied for and were granted a search warrant for the safe deposit box. Forty Thousand Fifty ($40,050) Dollars in United States currency was inside the safe deposit box. The log indicated that Durr was the only person that had accessed the box since December 2006. The safe deposit box is in the name of Mary Bivens.

j) A trained drug detection dog alerted upon the currency seized from the residence at 1314 Cambridge Drive, Dothan, Alabama and the safe deposit box. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

k) On or about October 26, 2007, Durr filed claims asserting ownership of the Defendant currency.

l) Subsequently in or around November 2007, Durr was arrested for possession of cocaine and is currently in the Houston County jail under a $1 million bond.

m)   Durr has generated large sums of money from the distribution of narcotics and has no other known source of income other than illegal drug sales. A check through Industrial Relations confirmed that Durr has no reported income.  The only reasonable source for the Defendant currency is drug sales.

### CLAIM FOR RELIEF

6.   The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5(m) above.

7.   The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 et seq.

8.   As a result of the foregoing, the Defendant currency is liable to condemnation and to forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States requests that the Court issue a Warrant for the arrest and seizure of the Defendant currency, pursuant to Supplemental Rule G(3)(b), which will executed upon the Defendant currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that the Defendant currency be forfeited and condemned to the United States; that the United States be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this the 10th day of January 2008.

                          FOR THE UNITED STATES ATTORNEY
                                LEURA G. CANARY

                          /s/ John T. Harmon
                          John T. Harmon [HAR108]
                          Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
131 Clayton Street (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY    )

## VERIFICATION

I, Bruce Little, hereby verify and declare under penalty of perjury that I am a Task Force Agent with the United States Drug Enforcement Administration, that I have read the Verified Complaint In Rem and know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 10TH day of January, 2008.

_____
Bruce Little-Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 10 day of January, 2008.

_____
Notary Public
Commission Expires: 9.23.09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-0026-WKW |
| ) | |
| SIX THOUSAND SIX HUNDRED ) | |
| SEVENTY SIX ($6,676) DOLLARS ) | |
| IN UNITED STATES CURRENCY; ) | |
| ) | |
| THIRTY NINE THOUSAND EIGHT ) | |
| HUNDRED NINETY ($39,890) ) | |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY; ) | |
| ) | |
| TWO THOUSAND SIX HUNDRED ) | |
| NINETY SIX ($2,696) DOLLARS ) | |
| IN UNITED STATES CURRENCY; ) | |
| ) | |
| and, ) | |
| ) | |
| FORTY THOUSAND FIFTY ($40,050) ) | |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| DEFENDANTS. ) | |

### WARRANT FOR ARREST IN REM

TO THE UNITED STATES MARSHAL OF THE MIDDLE DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint of Forfeiture In Rem has been filed in the United States District Court for the Middle District of Alabama, alleging that the Defendant currency is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. § 841 et seq.;

And, the Court being satisfied that, based on the Verified Complaint of Forfeiture In Rem, there is probable cause to believe

that the Defendant currency so described constitutes property involved in or traceable to such violations of 21 U.S.C. § 841 *et seq.*, and that grounds for application for issuance of a warrant for arrest *in rem* exist, pursuant to Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims;

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest and seize said Defendant currency, and use your discretion and whatever means appropriate to protect and maintain said Defendant currency; and,

IT IS FURTHER ORDERED that you shall send any person who reasonably appears to be a potential claimant based upon the facts known to the United States, a copy of this Warrant and Verified Complaint *In Rem* in a manner consistent with the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure; and,

IT IS FURTHER ORDERED that you publish notice to all persons of this action and the procedures to be followed for making a claim as described in this Warrant in a manner consistent with Supplemental Rule G(4)(a); and,

IT IS FURTHER ORDERED that a return of this Warrant shall be promptly made to the Court identifying the individuals upon whom copies were served and the manner employed; and,

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the Defendant currency shall file a claim asserting that interest, in the manner set forth in 18 U.S.C. §

983(a)(4)(A) and Supplemental Rule G(5), and such claim must be filed not later than 30 days after the date of service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint, and shall serve and file their answers to the Complaint within twenty (20) days after the filing of the claim with the Office of the Clerk, United States District Court for the Middle District of Alabama, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to:

> John T. Harmon
> Assistant United States Attorney
> Office of the United States Attorney
> Middle District of Alabama
> 131 Clayton Street
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> Telephone: (334) 223-7280.

Done this the _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-CV-0026-WKW |
| ) | |
| SIX THOUSAND SIX HUNDRED ) | |
| SEVENTY SIX ($6,676) DOLLARS ) | |
| IN UNITED STATES CURRENCY; ) | |
| ) | |
| THIRTY NINE THOUSAND EIGHT ) | |
| HUNDRED NINETY ($39,890) ) | |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY; ) | |
| ) | |
| TWO THOUSAND SIX HUNDRED ) | |
| NINETY SIX ($2,696) DOLLARS ) | |
| IN UNITED STATES CURRENCY; ) | |
| ) | |
| and, ) | |
| ) | |
| FORTY THOUSAND FIFTY ($40,050) ) | |
| DOLLARS IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| DEFENDANTS. ) | |

## NOTICE OF ARREST AND SEIZURE

Notice is hereby given that the United States of America has filed a Complaint for Forfeiture In Rem and the Court has issued a Warrant of Arrest In Rem for the forfeiture of the Defendant currency, which was seized from Richard Durr on April 20, 2007, July 29, 2007, and July 30, 2007, in Houston County, Alabama.

Any person claiming an interest in the Defendant currency must file a claim asserting that interest, in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5), such claim must be filed not later than 30 days after the date of service of the

Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint or as otherwise specified by Supplemental Rule G(5). In addition, any person having filed such a claim shall also file an Answer to the Complaint not later than 20 days after the filing of the claim, and shall serve and file the Claim and Answer to the Verified Complaint with the Office of the Clerk, United States District Court for the Middle District of Alabama, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to:

> John T. Harmon
> Assistant United States Attorney
> Office of the United States Attorney
> Middle District of Alabama
> 131 Clayton Street
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> Telephone: (334) 223-7280.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§ 1602-1619, and 21 §§ 1316.71-1316.81.

All persons and entities who have an interest in the Defendant currency may, in addition to filing a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

Please check www.forfeiture.gov for a listing of all judicial forfeiture notices as newspaper publication of judicial forfeiture notices will be discontinued in the near future.

```
                    JESSE SEROYER, JR.
                   UNITED STATES MARSHAL
                 MIDDLE DISTRICT OF ALABAMA
```